UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MICHAEL GRESHAM #272603,

        Plaintiff,        Case No. 2:10-cv-199

v.        Honorable Gordon J. Quist

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Michigan Department of Corrections (MDOC), Director Patricia Caruso, Unknown Parties named as Marquette Branch Prison (MBP) staff, Mailroom Officer J. Bolton, T. Dusseault, S. Paul, T. Maynard, Resident Unit Manager Ben Mercier, Assistant Resident Unit Supervisor Chad Lacount, Assistant Resident Unit Supervisor Nicole Dahl, Assistant Resident

Unit Supervisor Mark Pokeley, Assistant Resident Unit Supervisor Karen Gieson, Assistant Resident Unit Supervisor Unknown Marshall, Administrative Assistant Sarah Schroeder, Property Room Staff Unknown Durand, Unknown Dietrich, Unknown Fhlug, D. Mayotte, Unknown Vernon, Governor Granholm, Unknown Snyder, Hearing Officer Thomas O. Mohrman, Hearing Investigator Rick H. Mohr, Hearings Administrator Matthew D. Young, and Hearings Administrator Richard B. Stapleton. The Court will serve the complaint against Defendants Corrections Officer Unknown Verville, Resident Unit Officer P. Lay, and Ron Sego.

**Discussion**

I. Factual allegations

Plaintiff Michael Gresham, an inmate at the Ionia Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Michigan Department of Corrections (MDOC), Director Patricia Caruso, Unknown Parties named as Marquette Branch Prison (MBP) staff, Mailroom Officer J. Bolton, T. Dusseault, S. Paul, T. Maynard, Resident Unit Manager Ben Mercier, Assistant Resident Unit Supervisor Chad Lacount, Assistant Resident Unit Supervisor Nicole Dahl, Assistant Resident Unit Supervisor Mark Pokeley, Assistant Resident Unit Supervisor Karen Gieson, Assistant Resident Unit Supervisor Unknown Marshall, Administrative Assistant Sarah Schroeder, Property Room Staff Unknown Durand, Unknown Dietrich, Unknown Fhlug, D. Mayotte, Unknown Vernon, Governor Granholm, Unknown Snyder, Hearing Officer Thomas O. Mohrman, Corrections Officer Unknown Verville, Hearing Investigator Rick H. Mohr, Resident Unit Officer P. Lay, Hearings Administrator Matthew D. Young, Hearings Administrator Richard B. Stapleton, and Ron Sego[1].

---

[1] Also known as Ron Segoi.

In his amended complaint, which is somewhat incoherent, Plaintiff fails to allege any specific facts with regard to the majority of the listed Defendants. Plaintiff asserts that on August 8, 2010, he received a false misconduct ticket from Defendant Verville in retaliation for Plaintiff's conduct in informing Sergeant Debski that the water to his cell had been cut off. In writing the ticket, Defendant Verville told Plaintiff that it was because he had sued co-worker David Peterson, as well as his co-workers and relatives. Plaintiff requested records concerning the sexual assault investigation by internal affairs from Defendants Mohr and Mohrman, who refused to consider the evidence that the misconduct was in retaliation for reporting the assault.

Plaintiff alleges that on the date of the hearing for the misconduct, Defendants Sego and Lay refused to allow Plaintiff to attend the hearing because he was suing their co-workers. Plaintiff was found guilty of the misconduct by Defendant Mohrman. Plaintiff's appeal was denied by Defendants Young and Stapleton. Plaintiff asserts that supervisory defendants improperly failed to intervene on his behalf with regard to Plaintiff's grievances and appeals.

Plaintiff attaches a copy of the August 20, 2010, misconduct hearing report to his complaint. Plaintiff was charged with disobeying a direct order. In the Evidence/Statements section of the report, Defendant Mohrman notes:

> Per [Resident Unit Officers] Lay and Sego, the prisoner when asked said he was not going to his hearing which I take as a refusal and hold this hearing without the prisoner present.
>
> This hearing officer then read the misconduct, entered a not guilty and noted the prisoner's statements. There was also a witness statement from prisoner Alston. Griffin was requested as well but declined to give the investigator a statement on the charge.

Defendant Mohrman found Plaintiff guilty of disobeying a direct order, stating:

> The prisoner is guilty of the charge of failing to obey a reasonable and valid order from the officer. It was after 0400 hours

and the prisoner was yelling. It is likely and logical that the officer would go to the prisoner's cell and tell him to hold the noise down. The prisoner heard and understood and could have become quiet. Instead he continued to tell [sic]. In fact the prisoner told the review [Sergeant] that he had to get his message out which is what he had told the officer. The prisoner failed to do what he was told and capable of doing.

Plaintiff also alleges that Defendants Young, Stapleton, Caruso, Schroeder, Lacount, Mercier, and Marshall failed to conduct a rehearing, or to properly supervise staff. In addition, Plaintiff makes a conclusory assertion that supervisors created a custom and practice of not taking prisoner complaints of retaliation seriously.

Plaintiff claims that Defendants violated his First Amendment right to be free from retaliation and to access the courts. In addition, Plaintiff asserts that Defendants violated his rights under the Eighth and Fourteenth Amendments. Plaintiff seeks damages and equitable relief.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' .

. . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) (holding that the *Twonbley/Ashcroft* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Much of Plaintiff's complaint is incoherent, conclusory and unsupported by specific factual allegations. Plaintiff makes generalized conclusory allegations regarding the failure of supervisors to take corrective action when notified of their subordinates' misconduct. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990);

*Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Young, Stapleton, Caruso, Schroeder, Lacount, Mercier, and Marshall were personally involved in the activity which forms the

basis of his claims. The only roles that Defendants Young, Stapleton, Caruso, Schroeder, Lacount, Mercier, and Marshall have in this action involve the denial of administrative grievances or the failure to act. Defendants Young, Stapleton, Caruso, Schroeder, Lacount, Mercier, and Marshall cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Young, Stapleton, Caruso, Schroeder, Lacount, Mercier, and Marshall are properly dismissed for lack of personal involvement.

In addition, Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. Mar. 12, 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections.

With regard to Plaintiff's claims against Defendant Mohrman, the Sixth Circuit, recognizing that a Michigan hearings officer has adjudicatory functions spelled out by statute in the nature of an administrative law judge, has held that hearings officers are entitled to absolute judicial immunity in relation to actions within the officer's authority. *Shelly v. Johnson*, 849 F.2d 228, 229 (6th Cir. 1988); MICH. COMP. LAWS §§ 791.251-255. *See also Williams v. McGinnis*, Nos. 02-1336, 02-1837, 2003 WL 245352, at *2 (6th Cir. Jan. 31, 2003) (recognizing that Michigan's prison hearings officers are entitled to absolute immunity); *Thompson v. Mich. Dep't of Corr.*, No. 01-1943, 2002 WL 22011, at *1 (6th Cir. Jan. 2, 2002) (same); *Gribble v. Bass*, No. 93-5413, 1993 WL 524022, at *2 (6th Cir. Dec. 16, 1993) (same). The court concludes that Defendant Mohrman is absolutely immune under the circumstances of this case.

Plaintiff makes a conclusory claim that Defendant Mohr retaliated against him by refusing to properly investigate his evidence with regard to the major misconduct ticket. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Filing a complaint is constitutionally protected conduct under the First Amendment. Temporal proximity may be "'significant enough to constitute indirect evidence of a causal

connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)). However, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004).

Moreover, *Muhammad* does not stand for the proposition that temporal proximity alone is sufficient to create an issue of fact as to retaliatory motive.

> In *Muhammad* the Sixth Circuit did not resolve the issue, but merely observed that "temporal proximity alone **may be** 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.' " Id. at 418 (quoting DiCarlo v. Potter, 358 F.3d 408, 422 (6th Cir.2004) (emphasis added). Even if temporal proximity may in some cases create an issue of fact as to retaliatory motive, it would only be sufficient if the evidence was "significant enough." Plaintiff's conclusory and ambiguous evidence is not "significant enough" to create an issue of fact as to retaliatory motive.

*Brandon v. Bergh*, 2010 WL 188731, slip op. at 1 (W.D. Mich., Jan. 16, 2010). As noted above, Plaintiff fails to allege any specific facts in support of his retaliation claim against Defendant Mohr. Therefore, this claim is properly dismissed. However, the court notes that Plaintiff's retaliation claims against Defendants Sego, Lay, and Verville are nonfrivolous and may not be dismissed upon initial review.

As noted above, Plaintiff claims that Defendants violated his Fourteenth Amendment rights. Under Michigan law a prisoner is entitled to notice of a hearing, and the opportunity to present evidence and arguments. M.C.L. § 791.252. A hearing officer is not bound by state or federal evidentiary rules, but rather may consider "evidence of the type commonly relied upon by reasonably prudent persons in the conduct of their affairs." *Id.* Further, a hearing officer may deny

a prisoner access to evidence that may pose a security concern if disclosed. *Id.* Plaintiff has failed to show that his constitutional rights were violated at his misconduct hearing.

Moreover, the hearing officer's conclusion that Plaintiff was guilty of the misconduct charge was supported by the record. In the reasons for finding, the Hearing Officer stated:

> The prisoner is guilty of the charge of failing to obey a reasonable and valid order from the officer. It was after 0400 hours and the prisoner was yelling. It is likely and logical that the officer would go to the prisoner's cell and tell him to hold the noise down. The prisoner heard and understood and could have become quiet. Instead he continued to tell [sic]. In fact the prisoner told the review [Sergeant] that he had to get his message out which is what he had told the officer. The prisoner failed to do what he was told and capable of doing.

(Docket #16-1.)

It is clear that Plaintiff received due process of law, and that he cannot support any claim that his constitutional rights were violated during the misconduct hearing. Prison inmates subject to serious disciplinary action are entitled to (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes a statement as to the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). If the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearings officer, then the prisoner received all the process to which he was due. *Superintendent of Massachusetts Institute, Walpole v. Hill*, 472 U.S. 445 (1985). Plaintiff has failed to show that his due process rights were denied.

With regard to Plaintiff's Eighth Amendment claims, such a claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or

wantonness. *Wilson v. Seiter*, 501 U.S. 294 (1991); *see also Hudson v. McMillian*, 503 U.S. 1 (1992); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or inconvenience. *Hudson*, 503 U.S. at 9-10 (requiring "extreme" or "grave" deprivation); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989), *cert. denied*, 493 U.S. 969 (1989); *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988). Plaintiff has not alleged a deprivation which triggers this form of Eighth Amendment scrutiny.

Finally, the court notes that Plaintiff fails to assert any specific claims against Defendants Unknown Parties, Bolton, Dusseault, Paul, Maynard, Dahl, Pokeley, Gieson, Durand, Dietrich, Fhlug, Mayotte, Vernon, Granholm, or Snyder in the body of his complaint. Nor does Plaintiff make any factual allegations against these Defendants. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

With regard to Plaintiff's motion for a preliminary injunction (docket #8), Plaintiff states that while he was being transferred to the Ionia Maximum Correctional Facility (ICF), he was stabbed and bitten by two other prisoners and that he was subsequently denied medical treatment. In addition, Plaintiff states that after his arrival at ICF, he was mistreated by Sergeant Kelly, who is not a named defendant in this case. Because Plaintiff's motion for a preliminary injunction is not seeking relief against a named Defendant or asserting facts raised in Plaintiff's complaint, it is properly denied. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969); *Regal Knitwear Co. v. NLRB*, 324 U.S. 9 (1945).

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Michigan Department of Corrections (MDOC), Director Patricia Caruso, Unknown Parties named as Marquette Branch Prison (MBP) staff, Mailroom Officer J. Bolton, T. Dusseault, S. Paul, T. Maynard, Resident Unit Manager Ben Mercier, Assistant Resident Unit Supervisor Chad Lacount, Assistant Resident Unit Supervisor Nicole Dahl, Assistant Resident Unit Supervisor Mark Pokeley, Assistant Resident Unit Supervisor Karen Gieson, Assistant Resident Unit Supervisor Unknown Marshall, Administrative Assistant Sarah Schroeder, Property Room Staff Unknown Durand, Unknown Dietrich, Unknown Fhlug, D. Mayotte, Unknown Vernon, Governor Granholm, Unknown Snyder, Hearing Officer Thomas O. Mohrman, Hearing Investigator Rick H. Mohr, Hearings Administrator Matthew D. Young, and Hearings Administrator Richard B. Stapleton will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Corrections Officer Unknown Verville, Resident Unit Officer P. Lay, and Ron Sego.

An Order consistent with this Opinion will be entered.

Dated: May 6, 2011                     /s/ Gordon J. Quist
                                       GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE